**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

ANDREW E. CLARENSON,

      Plaintiff-Appellant,

v.

BILL OWENS, Governor, State of Colorado; KEN SALAZAR, Colorado Attorney General; JOSEPH ORTIZ, Director CO. Dept. of Corrections; GARY GOLDER, Warden, Sterling Correctional Facility; DOUGLAS VANNOY, District Court Judge; ALAN F. STANLEY, Chairman, Colorado Board of Parole; CACANO SINGH, Dr., Sterling Correctional Facility; DR. FARRELL, Sterling Correctional Facility; ANITA HINES, Case Manager, Sterling Correctional Facility; JAMES WHITSON, Chaplin, Sterling Correctional Facility; JOHN CHAPDELAINE, Education Manager, Sterling Correctional Facility; GEORGE RICE, Former Instructor, Sterling Correctional Facility; LT. HALL, S.C.F.; JUDY BULLARD, Clinical Team Leader, S.C.F.; COREY HARRIS, Lt., S.C.F.; DARRELL SNYDER, Case Manager (Former Prosecutor), S.C.F.; CAPT. WILDENSTEIN, S.C.F.; MISTY LOGAN, Hearing Officer, S.C.F.; MARK BROADDUS, Associate Warden, S.C.F.; JEFF PETERSON,

No. 05-1090
(D.C. No. 04-Z-2063)
(Colorado)

Sgt., S.C.F.; CAPT. JIMMERSON, S.C.F.; RAYMOND COLE, Lt., C.O.P.D. Prosecutor, S.C.F.; TOM BULLARD, Hearing Officer, S.C.F.; CAROL SOARES, Associate Warden, S.C.F.; EUSEBIO VASQUEZ-GONSALES, Sgt.; (FNU) CANFIELD, Corrrectional Officer, S.C.F.; ANTHONY A. DECESARO, Step III Grievance Officer, C.D.O.C.,

Defendants-Appellees.

# ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Andrew Clarenson, a prisoner proceeding *pro se*, appeals the district court's dismissal of his civil rights action for failure to plead exhaustion of his administrative remedies with sufficient specificity. Construing Mr. Clarenson's pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

affirm.

Mr. Clarenson's complaint, filed pursuant to 42 U.S.C. § 1983, generally challenges conditions of his confinement. Specifically, Mr. Clarenson claims, among other things, that defendants discriminated against him on the basis of his religion; retaliated against him for filing complaints, and subjected him to medical malpractice. Regarding exhaustion of his administrative remedies, Mr. Clarenson stated in his complaint that he "filed grievances, appeals, and finally a Rule 106 Logan County District Court (03CV59) Sterling CO 80751." Rec., doc. 6 at 20. The magistrate judge assigned to review Mr. Clarenson's complaint ordered him to show cause why his complaint should not be dismissed for failure to state with sufficient specificity the claims for which he had sought administrative review and the outcomes of all relevant proceedings. Accompanying his response, Mr. Clarenson submitted more than eighty pages of documents and indicated that he was submitting the attached copies of administrative documents rather than attempting to describe the proceedings and their final dispositions.

Finding that Mr. Clarenson's response failed to adequately address the requirements of the order to show cause, the district court dismissed his complaint without prejudice for failure to plead with sufficient specificity that he had exhausted all available administrative remedies. Specifically, the court stated that

the burden of showing exhaustion of remedies for each of his numerous claims fell on Mr. Clarenson and it was not the responsibility of the court to sift through his voluminous and poorly organized documentation to determine whether each claim had been submitted to a grievance process and resulted in a final disposition.

Mr. Clarenson filed a motion to reconsider, claiming that *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209-10 (10th Cir. 2003), did not require him to state when and how he exhausted his administrative remedies if he instead attached copies of administrative documents indicating that he had filed grievances, undergone administrative proceedings and received final dispositions. In other words, Mr. Clarenson argues that *Steele* establishes an "either/or" requirement and he fulfilled that requirement by filing copies of administrative documents. He also numbered various items within those documents, presumably in an attempt to show to which claim and which defendant they belonged.

In denying his motion for reconsideration, the court reiterated its requirement that Mr. Clarenson provide clear and comprehensible evidence that he, in fact, exhausted all available administrative remedies as to each of the claims he presented in his complaint. Clearly unenlightened by Mr. Clarenson's numbering system, the court also reiterated that it was not the court's responsibility to shift through voluminous and confusing documents in order to

-4-

discover if Mr. Clarenson had fulfilled the exhaustion requirement.

On appeal, Mr. Clarenson again claims that *Steele* only requires a prisoner to provide documentation that he has exhausted all available administrative remedies *or* provide the court with clear, concise statements of each claim and its final disposition. Because he submitted documentation, Mr. Clarenson claims that the district court's dismissal of his complaint was improper.

We review *de novo* the district court's dismissal for failure to exhaust administrative remedies. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires prisoners to exhaust all administrative remedies as to each claim before filing a § 1983 action in district court. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1188-90 (10th Cir. 2004). Moreover, *Steele* requires that "[a] prisoner must: (1) plead his claims with a short and plain statement . . .showing that [he] is entitled to relief in compliance with Fed. R. Civ. P. 8(a)(2), and (2) attach[] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Steele*, 355 F.3d at 1210 (citations and internal question marks omitted).

The record reveals that Mr. Clarenson's § 1983 complaint contained numerous claims against numerous defendants. In order to conform to the

PLRA's exhaustion requirement, he had to show, in his pleadings, that each and every one of his claims was exhausted. *Ross*, 365 F.3d at 1181. He could do this either by clearly and concisely stating the nature and disposition of each claim or by filing copies of specific administrative documents showing that he had filed grievances for each claim and received notice of their final dispositions. The record reveals that Mr. Clarenson did indeed file copies of administrative documents, but it is not at all clear if and how these documents relate to the claims set forth in his complaint. Accordingly, we agree with the district court that Mr. Clarenson failed to plead with sufficient specificity that he exhausted each and every claim in his complaint and, therefore, affirm the district court's dismissal of his complaint.

In addition to this appeal, Mr. Clarenson filed a "Notice of Suspected Conflict of Interest and Violation of Article VI U.S. Constitution" in which he claims that the magistrate and district judges have conflicts of interest with the Colorado Attorney General, who is a named defendant. Specifically, Mr. Clarenson states that a letter sent to the Clerk of Court from assistant Colorado attorney general Laurie Booras, notifying this court that the appellees did not intend to file an answer brief unless a COA issued, indicates that the office of the attorney general "is now acting as defense counsel" to the magistrate and district judges. Mr. Clarenson, however, is mistaken. The magistrate and district judges

are not "defendants" (or even appellees) in this matter and therefore do not require counsel. Moreover, the office of the attorney general sent the April 8, 2005 letter on behalf of the Attorney General, not the judges. Accordingly, Mr. Clarenson failed to present a cognizable basis for his alleged conflict of interest. We decline, therefore, to grant the relief requested by Mr. Clarenson in his notice.

For the aforementioned reasons, the district court's order is **AFFIRMED**. We **GRANT** Mr. Clarenson's request to proceed *in forma pauperis* on appeal and remind him that he is obligated to continue making partial payments until the entire filing fee is paid. We **DENY** Mr. Clarenson's application entitled "Notice of Suspected Conflict of Interest."

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge